UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH

TIMOTHY K. JOHNSON                                                                     PLAINTIFF

v.                                          CIVIL ACTION NO. 5:12CV-P155-R

BRADLEY BOYD et al.                                             DEFENDANTS

**MEMORANDUM OPINION**

Plaintiff, Timothy K. Johnson, filed a *pro se*, *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). For the reasons set forth below, the action will be dismissed in part and allowed to proceed in part.

**I. SUMMARY OF CLAIMS**

Plaintiff, a state prisoner, is incarcerated at the Christian County Jail. He sues Christian County and Jailer Bradley Boyd in his official capacity. He alleges that he arrived at Christian County Jail on September 21, 2012, and was placed on the floor with only a one-inch thick mattress. He also states that his 15-man cell houses 21 men. He alleges that he is worried about being on the floor because the only available space for him is near the showers and bathroom. He states that he is "desperately worried" about his health and now has "severe back pain." He asks for monetary damages and injunctive relief in the form of transfer to another institution

**II. ANALYSIS**

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1) and (2). A claim is legally frivolous when it lacks an arguable basis either

in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327.  When determining whether a plaintiff has stated a claim upon which relief can be granted, the court must construe the complaint in a light most favorable to Plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002).  While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

If an action is brought against an official of a governmental entity in his official capacity, the suit should be construed as brought against the governmental entity. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).  Therefore, in the case at bar, Plaintiff's claims against the Christian County Jailer in his official capacity are actually brought against the Christian County government. *See Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994).  In other words, naming Jailer Boyd in his official capacity is simply another way of naming the county as Defendant.

When a § 1983 claim is made against a municipality, like Christian County, a court must analyze two distinct issues:  (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights*, *Tex.*, 503 U.S. 115, 120 (1992).  The Court will address the issues in reverse order.

"[A] municipality cannot be held liable *solely* because it employs a tortfeasor – or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978) (emphasis in original); *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994); *Berry v. City of Detroit*, 25 F.3d 1342,

2

1345 (6th Cir. 1994).  "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'"  *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479-80 (1986)) (emphasis in *Pembaur*).

A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation.  *Monell*, 436 U.S. at 691; *Deaton v. Montgomery County, Ohio*, 989 F.2d 885, 889 (6th Cir. 1993).  Simply stated, the plaintiff must "identify the policy, connect the policy to the city itself and show that the particular injury was incurred because of the execution of that policy."  *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993) (quoting *Coogan v. City of Wixom*, 820 F.2d 170, 176 (6th Cir. 1987), *overruled on other grounds*, *Frantz v. Village of Bradford*, 245 F.3d 869 (6th Cir. 2001)).  The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983."  *Searcy*, 38 F.3d at 286 (quoting *Polk Cnty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)); *Bd. of Cnty. Comm'rs of Bryan Cnty., Okla. v. Brown*, 520 U.S. 397, 404 (1997) (indicating that plaintiff must demonstrate "deliberate conduct").  Reading Plaintiff's complaint liberally, the Court finds for purposes of initial review that Plaintiff has asserted that the alleged wrongdoing occurred because of a policy or custom of Christian County.

The Court now turns to the issue of whether harm was caused by a constitutional violation.  The constitutional prohibition against cruel and unusual punishment found in the Eighth Amendment to the Constitution "does not mandate comfortable prisons, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to

form the basis of an Eighth Amendment violation." *Wilson v. Seiter*, 501 U.S. 294, 298 (1991).

It does not violate the constitution *per se* to deprive a prisoner of a mattress completely. The Sixth Circuit has held that "[i]In the absence of evidence that a prisoner suffered a physical injury, the deprivation of a mattress and bedding for a fixed period of time does not violate the Eighth Amendment." *Richmond v. Settles*, 450 F. App'x 448, 455 (6th Cir. 2011). Here, Plaintiff has alleged that he was given a thin mattress that he had to use on the floor. He also alleges that he now has severe back pain. The Court will allow his claim for back pain to go forward against Defendant Boyd and Christian County. In doing so, the Court expresses no opinion on the ultimate merit of this claim.

Plaintiff also complains about being housed in an overcrowded cell. However, Plaintiff does not state an Eighth Amendment claim simply because he is housed in overcrowded conditions. Overcrowding in a prison is not itself a violation of the constitution. *Rhodes v. Chapman*, 452 U.S. 337, 347-48 (1981). Overcrowding conditions can be restrictive and even harsh; however, they do not violate the Eighth Amendment unless they deprive the inmate of the minimal civilized measure of life's necessities. *Id.* at 348. Plaintiff's allegations do not meet this standard.

Although the deprivation of basic sanitation may give rise to an Eighth Amendment claim, *see Halliburton v. Sunquist*, 59 F. App'x 781, 782 (6th Cir. 2003), Plaintiff has not alleged a physical injury arising from having to sleep near the bathroom and shower. A prisoner may not bring a federal civil action "for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). While Plaintiff does allege that he is worried because he has to sleep near the bathroom and shower, the Sixth Circuit has repeatedly found Eighth Amendment claims for monetary relief based on mental or emotional injury

precluded by § 1997e(e) absent a showing of physical injury. *See Jennings v. Weberg*, No. 2:06–CV–235, 2007 WL 80875, at *3 (W.D. Mich. Jan. 8, 2007) (collecting cases); *see also Geiger v. Jowers*, 404 F.3d 371, 374 (5th Cir. 2005) (finding mental anguish, emotional distress, psychological harm, and insomnia do not constitute physical injury for purposes of the Prison Litigation Reform Act); *Henry v. Goddard*, No. 09–3214–SAC, 2009 WL 3711596, at *8 (D. Kan. Nov. 3, 2009) ("The assertion that alleged violations resulted in emotional trauma which manifested itself in symptoms such as stress, headaches, sleeplessness, mood swings, fear, and worry does not satisfy the statutory prerequisite that plaintiff make a showing of a prior physical injury from the defendants' conduct."). Consequently, Plaintiff's claim as it relates to having to sleep near the bathroom and being worried about his health will be dismissed for failure to state a claim.

### III. CONCLUSION

For the foregoing reasons, the Court will by separate Order dismiss Plaintiff's claims regarding overcrowding and sanitation. The Court will enter a Scheduling Order to govern the development of the remaining claim regarding his back pain.

Date:


cc: Plaintiff, *pro se*
       Defendants
       Christian County Attorney
4413.009