UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:12-CV-00155-TBR

TIMOTHY K. JOHNSON                                                                    Plaintiff

v.

BRADLEY BOYD *et al.*                                                              Defendants

## MEMORANDUM OPINION

This matter is before the Court upon Defendants Bradley Boyd and Christian County, Kentucky's Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6). (Docket No. 11.) Plaintiff Timothy K. Johnson has not responded in opposition. The time to do so has now passed, and this matter is ripe for adjudication. For the reasons that follow, the Court will GRANT Defendants' Motion to Dismiss. (Docket No. 11.) A separate Order of dismissal will issue separately with this Opinion.

## BACKGROUND

Plaintiff Timothy Johnson filed suit on October 24, 2012, against Christian County and Jailer Bradley Boyd in his official capacity. In his Complaint, Johnson alleged that when he arrived at the Christian County Jail in September 2012 he was placed on the floor with only a one-inch thick mattress to sleep on. He also alleged that his 15-man cell housed 21 men. He stated he was worried about being on the floor because the only available space for him is near the showers and bathroom, and is now "desperately worried" about his health and is experiencing "severe back pain." He

seeks monetary damages and injunctive relief in the form of transfer to another correctional facility.

In its Memorandum Opinion and separately entered Order of December 17, 2012, the Court dismissed with prejudice Johnson's claims regarding overcrowding and sanitation for failing to state a claim within the meaning of 28 U.S.C. § 1915A(b)(1). (Docket Nos. 5 & 6.) Therefore, Johnson's remaining claim, brought pursuant to the Eighth Amendment, alleges that his constitutional rights have been violated because he has suffered back pain as a result of sleeping on a one-inch thick mattress on the floor of the jail. Defendants now move to dismiss this action for failure to state a claim upon which relief can be granted. (Docket No. 11.)

STANDARD

The Federal Rules of Civil Procedure require that pleadings, including complaints, contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint may be attacked for failure "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When considering a Rule 12(b)(6) motion to dismiss, the court will presume that all the factual allegations in the complaint are true and will draw all reasonable inferences in favor of the nonmoving party. *Total Benefits Planning Agency v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008) (citing *Great Lakes Steel v. Deggendorf*, 716 F.2d 1101, 1105 (6th Cir. 1983)). "The court need not, however, accept unwarranted factual inferences." *Id.* (citing *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987)).

Even though a "complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).   Instead, the plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (citations omitted).   A complaint should contain enough facts "to state a claim to relief that is plausible on its face."   *Id.* at 570.   A claim becomes plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).   If, from the well-pleaded facts, the court cannot "infer more than the mere possibility of misconduct, the complaint has alleged— but has not 'show[n]'—'that the pleader is entitled to relief.'"   *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).   "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss."   *Id.*

Finally, the Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by attorneys.   *See Haines v. Kerner*, 404 U.S. 519 (1972).   The duty to be less stringent with *pro se* complainants, however, "does not require [the Court] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted), and the Court is not required to create a claim for a *pro se* plaintiff, *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975).   To command otherwise would require the "courts to explore

exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest argument and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## DISCUSSION

Defendants argue that Johnson's Complaint fails to state a plausible claim for relief that is no more than conclusory and, therefore, should be dismissed.  The Court agrees.

The Eighth Amendment protects against cruel and unusual punishment. However, the Supreme Court has held that the Eighth Amendment "does not mandate comfortable prisons, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation."  *Wilson v. Seiter*, 501 U.S. 294, 298 (1991).  Johnson alleges his Eighth Amendment rights have been violated because he was forced to sleep on a mattress that was only one-inch thick on the floor of his cell.  Though as the Court noted in its December 17 Opinion, it does violate the Eight Amendment's prohibition against cruel and unusual punishment *per se* to deprive a prisoner of a mattress completely.  "In the absence of evidence that a prisoner suffered physical injury, the deprivation of a mattress and bedding for a fixed amount of time does not violate the Eighth Amendment."  *Richmond v. Settles*, 450 F. App'x 448, 455 (6th Cir. 2011).  Even taking as true Johnson's allegation that he has suffered back pain from sleeping on a one-inch thick mattress on the floor, the Court finds that, under the law of the Supreme Court and

this Circuit, this conclusory allegation is not "sufficiently grave to form the basis of an Eighth Amendment violation."  *See Wilson*, 501 U.S. at 298.  A mere uncomfortable or imperfect sleeping arrangement simply does not rise to the level of a "deprivation denying the minimal civilized measure of life's necessities," and, thus, does not equate to "cruel and unusual punishment."  *See id.*  Therefore, Johnson's Complaint does not state a plausible claim for relief under the Eighth Amendment.

## CONCLUSION

For these reasons, the Court finds that Plaintiff Timothy K. Johnson has failed to state a plausible claim for relief and so will GRANT Defendants' Motion to Dismiss. (Docket No. 11.)   An appropriate Order of dismissal will issue separately with this Opinion.

Date:

cc:     Timothy K. Johnson, *pro se*
        Counsel